**IN THE COURT OF APPEALS AT NASHVILLE**


| | |
|---|---|
| STELLA L. STARKS,<br>　　　Plaintiff<br><br>　　　v.<br><br>BART DURHAM, d/b/a INJURY &<br>ACCIDENT LAW OFFICES and<br>THOMAS J. ELMLINGER,<br>　　　Defendants<br>　　　AND<br>BART DURHAM, d/b/a INJURY &<br>ACCIDENT LAW OFFICES,<br>　　　Third-Party Plaintiff/<br>　　　Appellant<br><br>　　　v.<br><br>STEVE DARNELL and BATEMAN,<br>BATEMAN & DARNELL, P.C.,<br>　　　Third-Party Defendants/<br>　　　Appellees | ) C/A No. 01A01-9808-CV-00453<br>) ROBERTSON CIRCUIT<br>) No. 8740<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk


APPEALED FROM THE CIRCUIT COURT OF ROBERTSON COUNTY
THE HONORABLE JAMES E. WALTON, JUDGE


Robert L. Whitaker
BART DURHAM INJURY & ACCIDENT LAW OFFICES
404 James Robertson Parkway
1712 Parkway Towers
Nashville, TN 37219
　　　For Appellant Bart Durham
　　　Injury & Accident Law Offices


James M. Doran, Jr.
Ellen Frances Coughlin
Nashville City Center
511 Union Street, Suite 2100
P. O. Box 198966
Nashville, TN 37219-8966
　　　For Appellees Steve Darnell and
　　　Bateman, Bateman & Darnell, P.C.


AFFIRMED AND REMANDED


**Houston M. Goddard, Presiding Judge**


CONCUR:
FRANKS, J.
CANTRELL, P.J. (M.S.)

O P I N I O N

Goddard, P.J.

Bart Durham, d/b/a Injury and Accident Law Offices (Durham), Third-Party Plaintiff, appeals pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, a summary judgment granted to Steve Darnell and Bateman, Bateman & Darnell, P.C., Third-Party Defendants, insisting that there are disputed material facts precluding the entry of summary judgment.

This appeal had its genesis in an earlier tort action filed by Stella L. Starks, who was represented by Mr. Durham, against Samuel J. Browning and his parents, Joseph F. Browning and Mary Browning, seeking compensation for personal injuries received by Ms. Starks in a vehicular accident. The complaint alleged that the parents of Samuel[1] were liable under the Family Purpose Doctrine. In Ms. Starks' suit Mike Farmer, Sr., Cindy Farmer and Tim Farmer were also made parties defendant on the theory that they knowingly served alcohol beverages to Samuel, who was a minor at the time.

The Farmer defendants were exonerated by entry of a summary judgment in their favor.

---

[1] Our use of the first names of the parties should not be construed as any disrespect, but rather is for ease of reference.

2

A jury returned a verdict in favor of Ms. Starks against Samuel in the amount of $281,000 compensatory damages and $500 punitive damages. His parents, Joseph and Mary, were acquitted by the jury upon its finding that the Family Purpose Doctrine was not applicable.

Shortly after the jury verdict was returned, Ms. Starks, at the urging of Mr. Durham, accepted an offer of $110,000[2] in settlement of her claim against Samuel and his parents.

Thereafter, Ms. Starks attempted to withdraw her acceptance of the offer to settle, but the Trial Court, upon motion of the Brownings, upheld the settlement.

Whereupon, Ms. Starks filed a legal malpractice action against Durham and Thomas J. Elmlinger,[3] alleging that they had misled her regarding the right of Samuel, who was intoxicated at the time of the accident, to be discharged in bankruptcy.

After Ms. Starks' legal malpractice case was filed, Durham filed a third-party complaint against Steve Darnell and Bateman, Bateman & Darnell, P.C., the attorneys who initially represented her in the case presently on appeal. The complaint alleges that Durham was entitled to reimbursement or contribution

---

[2]    Insurance coverage was $100,000.

[3]    Mr. Elmlinger, an attorney, is alleged in the complaint to be an employee of Durham.

3

for any recovery Ms. Starks might receive against them because Mr. Darnell and Bateman, Bateman & Darnell, P.C., failed to prosecute a viable appeal as to summary judgment rendered in favor of the Farmer defendants.

Upon the third-party complaint being filed, the Third-Party Defendants withdrew as counsel for Ms. Starks and she then employed Mary Leech to represent her.

The record contains an affidavit from Ms. Starks, as well as a letter, which is an exhibit to her response to interrogatories, the pertinent parts of which are as follows:

AFFIDAVIT

3.   I have been advised that the final Order in my personal injury case, which was tried in August of 1997, was entered on December 23, 1997.

4.   Prior to the running of the time period for appeal, I was also advised of the January 22, 1998 deadline for appealing my personal injury case.

5.   After the entry of the final Order in my personal injury case, I did not want to pursue an appeal of my claim against the Farmers.

6.   I retained Mary Leech on January 14, 1998 to represent me in this action.

7.   At or about the time I retained Ms. Leech, I informed her that I did not want to pursue an appeal in my personal injury action.

4

TO WHOM IT MAY CONCERN

    I, Stella L. Starks, hereby state that I have been informed that the final order was not entered in my personal injury case which was tried in August, 1997 until December 23, 1997.  I have been informed that, even now, should I desire to appeal any portion of that case, specifically the trial judge's rulings dismissing the Farmers, I may still file the appeal.

    I have no interest in pursuing any appeal of any portion of that case or of the verdict in that case. I notified Steve Darnell that I did not want to pursue an appeal against the Farmers several months ago.  I have now notified my new attorney, Mary Leech, that I do not want to pursue any appeal against the Farmers or any other portion of the case.

                              /s/ Stella L. Starks
                              Stella L. Starks


    The Third-Party Defendants raise a number of defenses to the Third-Party action, but we conclude that the one asserting that Ms. Starks specifically directed her counsel not to appeal the summary judgment in favor of the Farmers is dispositive.

    It seems elementary to us that counsel could not be guilty of any wrongdoing for following the dictates of their client provided the client had not been misled or the victim of a fraud.  In the case at bar there is nothing in the record to suggest either occurred.

    We recognize, as stated in Durham's brief, that it may be of significance "as to how Ms. Starks was advised and what information was provided to her upon which she made her

'decision.'" However, once it is shown that counsel was following Ms. Starks' direction, it was incumbent upon Durham to explore by discovery depositions or interrogatories what Ms. Starks was advised and what information she was provided.

In conclusion, we are not unmindful of the following statement in the affidavit of William S. Russell, attorney and retired member of the Court of Criminal Appeals, which was filed with Durham's motion to alter or amend the summary judgment:

8.    It is also my opinion, based upon a reasonable degree of legal certainty that the applicable standard of care would require the attorney who represents Ms. Starks to file an appeal of the Summary Judgment rendered in favor of Mike Farmer, Cindy Farmer and Tim Farmer after a Final Judgment was entered in the <u>Starks v. Browning, et al.</u>, Case No. 7342.

While it is true that Judge Russell says in his affidavit that he has reviewed the file, it is not clear when he reviewed it, or that Ms. Starks' directions to her present counsel or Third-Party Defendants were a part of the file. Moreover, we cannot conceive of Judge Russell examining Ms. Starks' statements without commenting upon them.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Durham and his surety.

6

_____
Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
Ben H. Cantrell, P.J. (M.S.)